UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STEWART HINES,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS KAEMINGK, SECRETARY OF CORRECTIONS; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PENITENTIARY; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; CODY HANSON, UNIT/CASE MANAGER, SDSP; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; MELISSA MATURAN, ADMINISTRATIVE REMEDY COORDINATOR, SDSP; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; JODY JOHNSON, YANKTON COUNTY CLERK OF COURTS; IN BOTH OFFICIAL AND INDIVIDUAL CAPACITIES; BRANDON LABRIE, UNIT/CASE MANAGER &AMP; UNIT/COORDINATOR SDSP; IN BOTH OFFICIAL AND INDIVIDUAL CAPACITIES; JANE OR JOHN DOE, IN BOTH INDIVIAUL AND OFFICIAL CAPACITIES; AND YANKTON COUNTY, IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 4:19-CV-04108-LLP<br><br>ORDER |

On June 26, 2019, Plaintiff Nicholas Stewart Hines filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. Dockets 1 and 2. The Prison Litigation Reform Act (PLRA) requires a prisoner to file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915. Hines filed a

certified copy of his prisoner trust account statement dated September 12, 2018. Docket 2 at 3. This fails to satisfy the requirements of the PLRA.

The court will provide Hines an additional thirty days to file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Failure to comply with this order and submit a new certified prisoner trust account report by the deadline set will result in dismissal without prejudice of this action. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) ("If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the . . . district court must then order the case dismissed for want of prosecution."); *see also Perry v. Boston Scientific Family*, CIV. No. 11-3464 (DWF/LIB), 2012 WL 694713, at *2 (D. Minn. Feb. 9, 2012), report and recommendation adopted, CIV. No. 11-3464 (DWF/LIB), 2012 WL 694700, at *1 (D. Minn. Mar. 1, 2012) (collecting cases holding dismissal appropriate when pro se litigant fails to comply with pauper requirements and court orders). Thus, it is

ORDERED that the Clerk of Court mail this order and a Prisoner Trust Account Report to Hines.

IT IS FURTHER ORDERED that Hines will complete a new Prisoner Trust Account Report according to that document's directions and return it by July 29, 2019. Failure to file the Prisoner Trust Account Report by July 29, 2019, will result in dismissal without prejudice of the complaint.

DATED June 27, 2019.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
BY: Matthew Thelen

2