UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STEWART HINES,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS KAEMINGK, SECRETARY OF CORRECTIONS; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PENITENTIARY; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; CODY HANSON, UNIT/CASE MANAGER, SDSP; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; MELISSA MATURAN, ADMINISTRATIVE REMEDY COORDINATOR, SDSP; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; JODY JOHNSON, YANKTON COUNTY CLERK OF COURTS; IN BOTH OFFICIAL AND INDIVIDUAL CAPACITIES; BRANDON LABRIE, UNIT/CASE MANAGER &AMP; UNIT/COORDINATOR SDSP; IN BOTH OFFICIAL AND INDIVIDUAL CAPACITIES; JANE OR JOHN DOE, IN BOTH INDIVIAUL AND OFFICIAL CAPACITIES; AND YANKTON COUNTY, IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 4:19-CV-04108-LLP<br><br>1915A SCREENING AND ORDER DISMISSING COMPLAINT |

Plaintiff, Nicholas Stewart Hines, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docs. 1 and 6. This Court granted Hines leave to proceed in forma pauperis and he paid his initial partial filing fee. Doc. 9. Hines has filed numerous letters with this Court. Docs. 10, 12, 17. He moves to appoint legal counsel and moves for a continuance. Docs. 3 and 13.

I. **Allegations of Hines's Complaint**

Hines's complaint alleges multiple Constitutional violations, many of them having to do with his court ordered financial obligation. *See* Doc. 1. Hines filed a supplement to his complaint. Doc. 6. His judgment of conviction notes that he plead guilty to homicide as manslaughter in the first degree. *Id.* at 2, 4. Hines provides a copy of his sentence which states, "[t]he Defendant shall pay restitution through the Yankton County Clerk of Courts pursuant to the restitution sheet on file." *Id.* at 5. He claims this Court has supplemental jurisdiction to assess his state claims. Doc. 1 at 10. Throughout his complaint he raises violations of the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. *See id.*

Broadly, Hines alleges these violations have been occurring since June 7, 2012, and states "without discovery or further necessary information, Plaintiff cannot cite with greater detail the exact factual nature of the events related to his claim(s). Plaintiff believes there are numerous state laws as well as federal applicable statutes which he could base additional violations of his rights upon." *Id.* at 12-13. Hines asserts that his claims "are absolutely not intended, in any way, to directly challenge the validity of his criminal conviction or the validity of his financial obligations in CR 11-0216." *Id.* at 14.

Hines claims he was shot in the head during an incident related to his underlying criminal offense. *Id.* at 33. He alleges his pleas for medical care were ignored while he was in the Yankton County Jail. *Id.* Hines suffered damage to his mouth and it affected his ability to eat. *Id.* Hines believes the lack of medical care was used to manipulate his criminal proceedings, and that his attorney told him " 'not to piss off the judge or you will appear selfish[.]' " *Id.* at 34. Hines plead guilty and claims he was granted permission to have surgery after many grievances and encounters with health services. *Id.* at 34.

2

He asserts that his Eighth Amendment right to be free from cruel and unusual punishment is being violating because the defendants have been subjecting him to excessive fines for six years. *Id.* at 16. Hines believes that the defendants "intentionally altered and changed" his state court sentence and asserts this violation "was done by the Defendants without Plaintiff having benefit of due process, legal assistance or equal protection of the law and contrary to Plaintiff's rights to petition for redress or grievances, freedom of speech and freedom from punishment which is cruel and unusual." *Id.* He claims that defendant, Cody Hanson has changed his financial court-ordered obligations to show that he owes $10 million. *Id.* at 20. Further Hines alleges that the financial account, that defendant Kathy Washington provided was falsely presented. *Id.* at 18. Hines claims he brought this to the attention of Dennis Kaemingk and his response was "Central records has not made any changes to your sentence." *Id.* at 22. Hines believes an unknown Yankton county official called Hanson and told him to change the financial obligations relating to Hines's criminal case. *Id.* at 23.

Hines believes his First Amendment right to access the courts is being violated for the deficient and inadequate legal assistance. *Id.* Hines alleges that there are no self-help books available and no one legally trained is available to him. *Id.* Hines believes that the tablets, which have access to LexisNexis are in violation of his right because it cannot answer his questions, such as, what information should be searched for and how to pursue certain legal actions. *Id.* Hines claims that his "time, money and efforts" have been burdened and hindered due to these alleged violations. *Id.* at 15. Hines alleges his Fifth and Fourteenth Amendments rights of due process and equal protection are being violated because defendants "by their actions and inactions, have in fact and actuality affected Plaintiff in his genuine and earnest pursuit of legal matters and attempted resolution thereof[.]" *Id.*

Hines claims his First, Sixth, Ninth, and Fourteenth Amendment rights have been violated by the defendants "actions and inactions" and believes the legal assistance is inadequate. *Id.* Hines claims these actions have been taken to hinder him. *Id.* Hines lists examples of the defendants "actions and inactions[.]" *Id.* at 16-19. He mentions his previous habeas petition, as well as his direct appeal. *Id.* at 24. Again, Hines claims that "[t]his entire action and all claims within are once again, not to directly challenge the plaintiff's judgment of conviction, but his claims are to rectify the damages and prejudices that violate the plaintiff's civil rights, in the knowing concealment of his case material from his conviction." *Id.* at 28. He believes that the "[i]nformation related to the plaintiff's criminal case, and vital to the plaintiff's [] pending appeal are b[eing] additionally withheld. The plaintiff's automobile and the contents" were "highly probative" and "exculpatory in nature[.]" *Id.* at 30-31.

Hines claims Kaemingk, refuses to review his grievances about legal assistance. *Id.* at 35. He believes he cannot fully exhaust his administrative remedies before another legal issue arises. *Id.* at 35. Hines lists prison policies he believes that affect his ability to litigate his case. *Id.* Hines requests injunctive relief, compensatory damages, and punitive damages. *Id.* at 36-41.

## II. 1915A Screening

### A. Dismissal Standards

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir.

4

2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**B.     Analysis**

Hines brings his complaint under 42 U.S.C. § 1983, alleging multiple Constitutional violations and state law claims. Doc. 1 at 3, 10. Most of Hines's alleged constitutional violations surround his financial obligations from his state law criminal conviction. *See* Doc. 1. In *Heck v. Humphrey*, the United States Supreme Court held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254,

512 U.S. 477, 486-87 (1994). "Alternatively, if his suit is not explicitly directed at an unlawful conviction or sentence, the prisoner must establish that the suit does not 'necessarily imply the invalidity of his conviction or sentence.' " *Dolney v. Lahammer*, 70 F. Supp. 2d 1038, 1040 (D.S.D. 1999) (quoting *Heck*, 512 U.S. at 486.).

Hines is adamant that his claims are not intended to challenge the validity of his criminal conviction or his financial obligations. Doc. 1 at 14, 28. This Court is unaware of the amount of his financial obligations for his criminal offense. Hines's sentence states, "[t]he Defendant shall pay restitution through the Yankton County Clerk of Courts pursuant to the restitution sheet on file." *Id.* at 5. This Court takes Hines's facts asserted as true as required by case law. Hines claims his financial obligations haven been altered by the defendants. *Id.* 20.

Because this Court does not know what the original restitution sheet on file calculated his restitution to be, granting Hines the monetary relief he is requesting would be asking this Court to invalidate his state court sentence, or at the very least, this Court would imply that the sentence was invalid. Further, Hines asks damages to "rectify the damages and prejudices that violated" his constitutional rights "in the knowing concealment of his case material from his conviction" Doc. 1 at 28. Because Hines is seeking damages for his alleged § 1983 violations and he is essentially asking the Court to invalidate the state court's conviction and sentence, his claims are barred by *Heck*. Also, judgment in favor of Hines would "necessarily imply the invalidity" of his conviction, sentence, and financial obligations; without showing that his conviction has been "reversed, expunged, validated or called into question by either an executive order or a state or federal tribunal, a § 1983 action is not cognizable at this juncture." *Dolney*, 70 F. Supp. 2d at 1040; *Heck*, 512 U.S. at 486-87. All claims regarding Hines's court ordered

financial obligations or claims tied to his underlying conviction are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Liberally construing Hines's allegations, he states an Eighth Amendment claim of cruel and unusual punishment for deliberate indifference to his serious medical needs regarding his need for oral surgery in 2012. Doc. 1 at 24. A complaint may be dismissed by the court's own motion as frivolous under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). While § 1983 does not contain a specific statute of limitations, the Supreme Court has instructed courts to apply the most analogous statute of limitations to claims made under § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985). South Dakota adopted a specific statute that provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or be barred. *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (referencing SDCL 15-2-15.2). Because the violations alleged occurred while Hines was going through his 2012 criminal proceedings for his underlying offense his claims of constitutional violations are barred by the statute of limitations and dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Next, Hines alleges multiple violations of his First Amendment right to access the courts. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). " 'The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' "*Entzi v. Redmann*, 485 F.3d 998, 1004 (8th Cir. 2007) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (There is no freestanding right to a law library.)). "[P]rison officials must provide inmates with 'meaningful access to the courts,' ... an inmate alleging a constitutional

7

violation must show an 'actual injury' by 'demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' *Entzi*, 485 F.3d at 1005 (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

The Eighth Circuit held that even if an inmate can show a "complete and systematic denial of access to a law library or legal assistance," he must still " 'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' " *Klinger v. Department of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (quoting *Lewis*, 518 U.S. at 351). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. *Lewis*, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353). The injury that Hines asserts is that his "time, money, and efforts" were hindered. Doc. 1 at 15. He also alleges that the defendants' actions and inactions have affected his pursuit of legal matters." *Id.* This is not enough to show an actual injury under *Lewis* and is a mere assertion of legally conclusive facts, thus, Hines's First Amendment access to court claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). The general question of access to the courts by South Dakota prisoners is now before this Court in *Brakeall v. Kaemingk, et al.*, CIV 18-4056.

Finally, with regard to any remaining state claims not expressly dismissed above over which the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, the court exercises its discretion and dismisses those claims. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline, in its discretion, from exercising supplemental jurisdiction when all of the claims over which the court has original jurisdiction have been dismissed).

The court finds that Hines's complaint fails to state a claim upon which relief may be granted. Hines's complaint is dismissed without prejudice and judgment will be entered in favor of the defendants. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### III. Motion to Appoint Counsel and Motion for a Continuance

Because this Court has dismissed Hines's complaint without prejudice, his remaining motion to appoint counsel (Doc. 3) and motion for a continuance (Doc. 13) are denied as moot.

Accordingly,

IT IS ORDERED:

1. Hines's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted. Judgment will be entered in favor of the defendants. This is Hines's first recorded strike.

2. Hines's motion to appoint counsel (Doc. 3) is denied as moot.

3. Hines's motion for a continuance (Doc. 13) is denied as moot.

Dated this 30th day of January, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

9