UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STEWART HINES,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>DENNIS KAEMINGK, SECRETARY OF CORRECTIONS; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PENITENTIARY; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; CODY HANSON, UNIT/CASE MANAGER, SDSP; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; MELISSA MATURAN, ADMINISTRATIVE REMEDY COORDINATOR, SDSP; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; JODY JOHNSON, YANKTON COUNTY CLERK OF COURTS; IN BOTH OFFICIAL AND INDIVIDUAL CAPACITIES; BRANDON LABRIE, UNIT/CASE MANAGER &AMP; UNIT/COORDINATOR SDSP; IN BOTH OFFICIAL AND INDIVIDUAL CAPACITIES; JANE OR JOHN DOE, IN BOTH INDIVIAUL AND OFFICIAL CAPACITIES; AND  YANKTON COUNTY, IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>　　　　　　　　Defendants. | 4:19-CV-04108-LLP<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND/MOTION FOR RECONSIDERATION |

　　　　Plaintiff, Nicholas Stewart Hines, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docs. 1 and 6. This Court screened Hines's complaint and dismissed it for failure to state a claim upon which relief could be granted. Doc. 19. Now, Hines moves to amend his complaint and for reconsideration. Doc. 21.

Hines claims that the Court misconstrued what he was alleging in his complaint. Doc. 21. Hines wants to amend his complaint so he can "dismiss [his] claim of inadequate legal assistance . . . and clarify [his]underlying and most importing issue, which is concealing the mishandling of [his] judgment information." *Id.* at 1. This Court previously dismissed Hines's compliant under the rationale of *Heck v. Humphrey* (Doc. 19). Hines claims that his complaint should not have been construed that way and he was not challenging the length/validity of his confinement but rather that his complaint is "entirely about [the] concealment of [his] court-ordered financial obligations[.]" *Id.* at 4. Hines seeks that for the defendants to "explain and/or provide information" on why he has requests for information have been denied. *Id.* at 7.

Federal Rule of Civil Procedure "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T-O.T Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal punctuation and citations omitted). The Eighth Circuit has held that motions for reconsideration "'cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced[.]'" *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton. Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). "Such motions cannot be used to introduce new evidence, tender legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Because Hines has now articulated his claims more clearly, Doc. 21, the Court understands his assertions that his complaint is based on seeking relief from the defendants from their alleged concealment of his documents and not challenging his underlying conviction. Hines has articulated a mistake of fact, thus, his motion for reconsideration, Doc. 21, is granted. Hines must

file an amended complaint, that will still be subject to a screening under 28 U.S.C. §1915A, on or before **June 15, 2020**. Accordingly, it is ORDERED:

1. That Hines's motion to amend/for reconsideration, Doc. 21, is granted.

2. That the PLRA strike against Hines shall be removed at this time.

3. That Hines may file an amended complaint on or before **June 22, 2020**. His amended complaint is still subject to a §1915A screening.

DATED April 22, 2020.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

_____
Lawrence L. Piersol
United States District Judge

3