UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STEWART HINES,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS KAEMINGK, SECRETARY OF CORRECTIONS; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; DARIN YOUNG, WARDEN, SOUTH DAKOTA STATE PENITENTIARY; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; CODY HANSON, UNIT/CASE MANAGER, SDSP; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; MELISSA MATURAN, ADMINISTRATIVE REMEDY COORDINATOR, SDSP; OFFICIAL CAPACITY; INDIVIDUAL CAPACITY; JODY JOHNSON, YANKTON COUNTY CLERK OF COURTS; IN BOTH OFFICIAL AND INDIVIDUAL CAPACITIES; BRANDON LABRIE, UNIT/CASE MANAGER &AMP; UNIT/COORDINATOR SDSP; IN BOTH OFFICIAL AND INDIVIDUAL CAPACITIES; JANE OR JOHN DOE, IN BOTH INDIVIAUL AND OFFICIAL CAPACITIES;  YANKTON COUNTY, IN BOTH INDIVIDUAL AND OFFICIAL CAPACITIES; AND TODD BRANDT, YANKTON POLICE DETECTIVE; IN BOTH OFFICIAL AND INDIVIDUAL CAPACITY;<br><br>Defendants. | 4:19-CV-04108-LLP<br><br><br>1915A SCREENING ORDER |

Plaintiff, Nicholas Stewart Hines, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court dismissed Hines's Complaint after a 28 U.S.C. § 1915A screening and

later granted Hines leave to file an Amended Complaint. Docs. 24, 26. Now, this Court must screen Hines's "Amended Verified Complaint" (Doc. 27).

I.   **1915A Screening**

   A. **Factual Background**

Hines plead guilty to first-degree manslaughter for the shooting and killing of his girlfriend. The plea was entered in the circuit court of Yankton County, South Dakota. Hines asserts that the alleged violations started in 2012 and are still ongoing. *See* Doc. 27 at 18. Hines claims that the defendants have " 'acted under color of law' or the 'policy of the State,' regarding the enforcement, manipulation or changing of his criminal judgment and obligations without notice, Plaintiff has been repeatedly denied access to records related to his Judg[]ment of Conviction." *Id.* at 20. He alleges that the documents show that he owes over nine million dollars and the amount is labeled as restitution. *Id.* at 23. Hines claims that his direct appeal and post-conviction legal claims have been impeded by defendants' alleged actions. *See id.* at 22, 28.

Hines claims he has interacted with individuals employed at the South Dakota State Penitentiary and has questioned them about his monthly account statement that shows he owes the restitution amount. *Id.* at 23-24. He claims that Unit Manager Labrie even called the Yankton County Clerk of Courts to try to figure out why the restitution amount was so high and an unknown individual on the phone allegedly said that the ten million dollar restitution amount was related to Hines's bond amount before he was criminally convicted and that " 'once you are convicted they make the [bond] amount high so you [Plaintiff] can't pay it.' " *Id.* at 24 (alternations in original). Hines claims he and several attorneys have contacted the Yankton County Clerk of Courts multiple times and have never been sent a response to their requests. *Id.* at 22-24. In 2017, Yankton Police Detective Todd Brandt allegedly asked Hines to send him a

notarized letter giving him authority to release the car to another person. *Id.* Hines allegedly responded to Brandt that the car should not be release and told his then habeas counsel that the contents of the car " 'could be extremely useful[.]' " *Id.* at 29.

He separates his "Amended Verified Complaint" into two issues: (1) the concealment of his documents and (2) the post-conviction due process issues. *Id.* at 15, 29. Hines claims that defendants' alleged actions violate the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. *See* Doc. 27. Hines also claims that the defendants' alleged actions have violated various state laws and constitutional provisions of the state of South Dakota. *Id.* Hines seeks monetary and injunctive relief. *Id.* at 33-34.

### B. Legal Background and Analysis

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials,

dismissal is appropriate. *Beavers*, 755 F.2d at 663. *Bell Atlantic* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555; *see also Abdullah v. Minnesota*, 261 Fed. Appx. 926, 927 (8th Cir. 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### 1. Official Capacity Claims

Hines's "Amended Verified Complaint," Doc. 27, names defendants in their individual and official capacities. Doc. 27 at 2-3, 14. Hines sues Dennis Kaemingk, Darin Young, Cody Hanson, Melissa Maturan, and Brandon Labrie (hereinafter referred to as the South Dakota Department of Corrections (SDDOC) defendants). *Id.* at 2-3, 14. These defendants are listed as employees of the SDDOC. *Id.* The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Hines seeks monetary damages from the defendants. Doc. 27 at 33-34. The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Will*, 491 U.S. at 71. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan,* 555 U.S. 223, 242-43 (2009)

4

Because the state of South Dakota has not waived its sovereign immunity and because Hines seeks monetary damages, all claims against defendants Kaemingk, Young, Hanson, Maturan, and Labrie in their official capacities for monetary damages are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). However, Hines's claims against Kaemingk, Young, Hanson, Matruan, and Labrie in their official capacities for injunctive relief at this point would remain but for the analysis that follows determining that none of the underlying claims concerning these defendants would survive review.

Hines also sues Yankton County, Jody Johnson (Yankton County Clerk of Court), Todd Brandt (Yankton County Police Detective), and Jane/John Doe(s) (employed by Yankton County) in their individual and official capacities. Doc. 27 at 14. Claims against Brandt, Johnson and Doe(s) in their official capacities are the equivalent of a lawsuit against Yankton County. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A municipal government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Hines does not allege that Yankton County has unconstitutional policies or customs, nor what they are, thus his claims against Brandt, Johnson, and Doe(s) in their official capacities, and his claims against Yankton County are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 2. Individual Capacity Claims

Hines claims that the alleged violations have been occurring since 2012 and raises claims under the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. Doc. 27 at 15.

### a. First Amendment

### i. Access to the Courts

Hines claims that his First Amendment right to access the courts has been violated by the defendants. Doc. 27 at 31. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. *Lewis*, 518 U.S. at 347. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Hines claims that "[d]ue to the actions and inactions of the Defendants, the Plaintiff's appellate processes have been greatly impeded by the concealment [of the court documents.]" *Id.* at 28. Although Hines refers to the defendants collectively, his alleged facts state that the SDDOC defendants tried to contact the Yankton County Clerk of Courts to help Hines find out why the restitution amount was so high. *Id.* at 21, 22, 23, 24, 26. Hines claims that defendants impeded his efforts on appeal but he also asserts facts that the SDDOC defendants actually tried to aid in his retrieval of the information he was asking Yankton County for, thus, his access to the courts claims against the SDDOC defendants is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Next, the only facts asserted against Brandt, a Yankton Police Detective are regarding Hines's impounded car during a criminal investigation. *Id.* at 19. Brandt allegedly asked Hines to send him a notarized letter giving him authority to release the car to another person. *Id.* Hines claims that he sent a letter to Brandt and stated that the car should not be released. *Id.* at 29. He

6

claims he told his then habeas counsel that the contents of the car " 'could be extremely useful[.]' " *Id.* Here, Hines fails to assert facts that support that a non-frivolous legal claim was frustrated or impeded by Brandt. He merely asserts that the contents of the car "could be" useful and Brandt's letter about the impounded car came on May 1, 2017 (almost five years after Hines judgment was entered in his underlying criminal offense on June 7, 2012). *Id.* at 19. Hines has not alleged sufficient facts against Brandt to support an access to the courts claim. Accordingly, his access to the courts claim against Brandt is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Hines claim that he has personally written and asked the Jane/John Doe(s) employed by the Yankton County Clerk of Courts Office and Johnson for documentation about the restitution he owed and not merely the Judgment of Conviction. *Id.* at 22-24. He asserts that he has not received a response from the Jane/John Doe(s) or from Johnson. *Id.* Hines claims that his direct appeal and post-conviction collateral review have been impeded. *Id.* at 29. Hines does not allege sufficient facts to show how a non-frivolous legal claim has been impeded and also asserts that he is not challenging the amount of restitution. *See* Doc. 27 at 33. He merely states a conclusion that his appeal and post-conviction review has been impeded, and a recitation of the elements for a cause of action is insufficient by itself to state a claim. *See Twombly*, 550 U.S. at 555. Thus, Hines's First Amendment access to the courts claim against Jane/John Doe(s) and Johnson is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### ii. Public Access to Records

Hines mentions his right of "access to a judicial document" and his right to information and material has been violated. Doc. 27 at 32. The Supreme Court has recognized a First Amendment and common law right of public access to court proceedings and records. *See, e.g.,*

*Enterprise Co. v. Superior Court*, 478 U.S. 1, 12 (1986); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Here, Hines claims that the Jane/John Doe(s) and Johnson have violated his First Amendment right to access his court record because they have failed to give him proof of why his restitution order changed. Doc. 27 at 22, 27. He also claims defendants have concealed and changed his court documents. *Id.* Thus, Hines has alleged sufficient facts that his First Amendment right to access judicial records has been violated by the Jane/John Doe(s) and Johnson and his claim survives 28 U.S.C. § 1915A screening.

Section "1983 liability requires personal involvement in or direct responsibility for actions resulting in [the] violation." *Carter v. Hassell*, 316 Fed. App'x 525, 525 (8th Cir. 2008) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); *see also Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984) (dismissing a claim because the individual "had no knowledge or connection to" the alleged violation); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (dismissing a § 1983 case where a prisoner claimed that prison officials inappropriately took away his rosary because "none of the prison officials sued by him [were] responsible for this confiscation"). Hines does not assert facts to support that Brandt and the SDDOC defendants were personally involved in denying him access to his judicial records, thus, this claim against them is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### b. Fourteenth Amendment

#### i. Equal Protection

Hines vaguely references the Fourteenth Amendment equal protection clause. Doc. 27 at 15, 32, 33. The equal protection clause of the Fourteenth Amendment requires the government to "treat similarly situated people alike," a protection that applies to prisoners. *Murphy v. Mo. Dept. of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004) (internal quotation omitted). To allege an equal

protection violation, Hines must show: (1) he is treated differently than a similarly situated class of inmates, (2) the different treatment burdens a fundamental right, and (3) there is no rational relation to any legitimate penal interest. *Id.* (citing *Weiler v. Purkett*, 137 F.3d 1041, 1051 (8th Cir. 1998)). The Eighth Circuit explained for a prisoner to prevail on an equal protection claim, he "must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a fundamental right." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (internal quotation omitted). "Suspect classifications include those such as race, alienage, gender, or national origin." *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999) (citing *City of Celburn v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)). Hines has not alleged sufficient facts to show that the alleged treatment is based upon a suspect classification or a fundamental right., he merely asserts that he is being treated differently and uses legal conclusions to support his assertion. *See* Doc. 27, 32, 33. Thus, Hines's equal protection claims against defendants are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### ii.  Procedural Due Process

Liberally construing Hines's facts, he has alleged that his property (the court documents and his car) have been taken or kept from him without due process. *See* Doc. 27 at 29, 32. If there is an adequate postdeprivation remedy, then there is no due process violation for even the intentional deprivation of a prisoner's property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because state law provided the prisoner in *Hudson* with adequate state remedies after the deprivation of his property, the Court held that no due process violation occurred in that case. *Id.* at 535. Here, SDCL § 21-3-3 provides an adequate postdeprivation remedy. This statute provides a cause of action for wrongful conversion of personal property. *See* SDCL § 21-3-3.

Section 21-3-3 provides a description of the damages available for conversion, but the tort of conversion is a common law tort not defined in the statute. *Rensch v. Riddle's Diamonds of Rapid City, Inc.*, 393 N.W.2d 269, 271 (S.D. 1986). "Conversion is the unauthorized exercise of control or dominion over personal property in a way that repudiates an owner's right in the property or in a manner inconsistent with such right." *Chem-Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 766 (S.D. 2002). The common law and SDCL § 21-3-3 provide Hines with an adequate postdeprivation remedy for the conversion of his property. Thus, there is no procedural due process violation. *Hudson*, 468 U.S. at 535. Hines's procedural due process claims against defendants are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### iii. Substantive Due Process

.        Hines's alleges that the concealment of his court-financial obligations and the changes made to these documents constitutes a violation of the Fourteenth Amendment substantive due process clause. Docket 27 at 15, 31. For conduct to amount to a substantive due process violation the plaintiff must allege facts to show that the state actor's conduct was egregious, arbitrary, or conscience shocking. *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992)). The court must look at the circumstances to determine whether the abuse of power is conscience shocking. *Id.* at 850, 852-54 (explaining that the court should look at whether the state actor had to make the decision instantly or if the actor had time to deliberate and then choose).

Here, Hines claims that the defendants have altered and concealed his financial obligations and the amount in question is over nine-million-dollars. *See* Doc. 27. Hines alleges facts that show the SDDOC defendants actually tried to help him find out what the documents meant and the changes applied to them by calling the Yankton County Clerk of Courts on

10

different occasions and he fails to allege facts that would support a prima facie case against Officer Brandt or SDDOC defendants in this regard. He alleges that the Jane/John Doe(s) and Johnson have been concealing these records since 2012. *Id.* At this point, Hines has alleged sufficient facts to support that the Jane/John Doe(s) and Johnson's alleged actions are egregious and an abuse of power that equate to shocking the conscience. Accordingly, Hines's substantive due process claim against the Jane/John Doe(s) and Johnson survive 28 U.S.C. § 1915A review. However, his substantive due process claims against the SDDOC defendants and Brandt are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### c. Fifth Amendment

Hines claims that defendants have violated the equal protection and due process clauses of the Fifth Amendment. Doc. 27 at 32-33. The Due Process Clause of the Fifth Amendment applies to the United States, whereas the Due Process Clause of the Fourteenth Amendment applies to the States. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Defendants are state or county employees. Therefore, Hines's due process and equal protection claims under the Fifth Amendment are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Although Hines alleges that "nothing herein this Complaint should be construed as a request for relief from [his] criminal judgment" he mentions the double jeopardy clause and claims he has been parties to lawsuits that he should not have been included in. *See* Doc. 27 at 28, 33. These allegations (regarding double jeopardy), if proven, would undermine the validity of Hines's conviction. Under the *Heck* doctrine "in order to recover damages for [an] allegedly unconstitutional conviction or . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" a plaintiff must show that the "conviction or sentence [was] reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*. 512 U.S. 477, 486-87, 489 (1994). Hines has not claimed that his conviction has been

reversed, expunged, declared invalid or impugned by the granting of a writ. Thus, Hines's double jeopardy claims are barred by *Heck* and dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### d. Sixth Amendment

Hines vaguely references the Sixth Amendment and that he has been denied "reasonably effective, adequate and meaningful legal assistance[.]" Doc. 27 at 15. A finding by this Court that Hines was denied effective counsel would also undermine the validity of his underlying state conviction and is barred by *Heck*. Hines's Sixth Amendment claim against the defendants is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### e. Eighth Amendment

Hines mentions the Eighth Amendment and his right to be free from cruel and unusual punishment. Doc. 27 at 15, 33. Hines asserts that he:

> is not claiming within this suit that the $9,999,999.99 restitution order itself violates the Plaintiff's Eighth Amendment Constitutional Rights, but that if restitution was continuing to be implemented upon the Plaintiff after said restitution was changed, that circumstance would implement the Eighth Amendment. Additionally, the act of concealing the $9,999,999.99 restitution order while the Plaintiff did still owe it, wrongfully exposing Plaintiff needlessly to [a] Wrongful Death Suit Civ. 13-135, also violated the Plaintiff's Eighth Amendment Constitutional right to be free from punishment that is cruel and unusual.

*Id.* at 33. "The Eighth Amendment provides, '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.' " *Mills v. City of Grand Forks*, 614 F.3d 495, 501 (8th Cir. 2010) (quoting U.S. Const. amend. VIII, § 1). Because Hines's clearly states he is not challenging the nine-million-dollar restitution order this Court will not address the excessive fines clause under the Eighth Amendment.

Further, even with liberal construction Hines's facts do not show that the defendants' alleged actions have resulted "in the denial of the minimal civilized measure of life's

12

necessities" and that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation omitted). Thus, Hines's Eighth Amendment claims against defendants are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### f. Ninth Amendment

Hines claims that the defendants have violated the Ninth Amendment. Doc. 27 at 15. "[T}he Ninth Amendment does not create substantive rights beyond those conferred by governing law," *Gaslin v. Fassler*, 377 Fed. Appx. 579, 580 (8th Cir. 2010) (citing *see Martinez-Rivera v. Sanchez Ramos,* 498 F.3d 3, 9 (1st Cir. 2007). Thus, Hines's claims under the Ninth Amendment fail to state a claim upon which relief can be granted and are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

## II.     Motion for the Appointment of Counsel

Hines moves for appointment of counsel. Doc. 29. He asserts that his claims are meritorious, and that he has already had issues presenting his claims to this Court. *Id.* at 3. Further, Hines claims he has contacted attorneys to represent him on the matter and they are either busy or they do not "correctly understand the issue." *Id.* "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). District courts may appoint counsel and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981). "The appointment of counsel

13

should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim." *Nelson*, 728 F.2d at 1003.

When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. In *King v. Patterson*, the Eighth Circuit held that the district court did not err in denying a prisoner's motion for appointment of counsel. 999 F.2d 351, 353 (8th Cir. 1993). In *King*, the plaintiff alleged one incident of excessive force by prisoner personal. *Id.* The Eighth Circuit reasoned that the denial of the plaintiff's motion for appointment of counsel was appropriate "[b]ecause this case was neither factually nor legally, complex, the complaint alleged a single incident of excessive force, and the Court held that King had clearly communicated his concerns and could adequately present the facts of his case to the Court." *Id.*

Factual complexity is not the only factor that a district court considers whether appointment of counsel is appropriate. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (citing *Maclin v. Freake* , 650 F.2d 885, 888 (7th Cir. 1981)). The Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson*, 788 F.2d at 1322-23.). Hines's "Amended Verified Complaint" shows that he is able to communicate his concerns and has adequately presented them to this Court. Because Hines's claims are not legally nor factually complex and because he can clearly and adequately present his facts and claims to this Court his motion for appointment of counsel, Doc. 27, is denied. The Court remains open to the possibility of appointing counsel if this case proceeds beyond the motion stage. It is one thing to well represent one's position on paper to the court, and it is yet another to be able to adequately try a case to a jury. Accordingly, it is ORDERED:

1. That Hines's motion for appointment of counsel, Doc. 29, is denied.

2. That all claims against defendants Kaemingk, Young, Hanson, Maturan, Labrie, Yankton County, and Brandt in their individual and official capacities are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

3. That Hines's claims against Johnson and Doe(s) in their official capacities are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

4. That Hines's First Amendment claim (public access to judicial records) and Fourteenth Amendment claim (substantive due process) against Johnson and Doe(s) in their individual capacities survive 28 U.S.C. § 1915A screening. At this time, the Court denies supplemental jurisdiction for Hines's state law claims under 28 U.S.C. § 1367, as they are vague.

5. That all other claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

6. The Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Hines so that he may cause the complaint to be served upon defendants (Johnson and Doe(s)).

7. Hines shall complete and send the Clerk of Courts a separate summons and USM-285 form for defendant Johnson. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

8. The United States Marshal Service shall serve the completed summonses, together with a copy of the "Amended Verified Complaint" (Doc. 27) and this order, upon defendant Johnson.

9. Johnson will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).

10. Hines will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED September 3, 2020.

ATTEST:
MATTHEW W. THELEN, CLERK

BY THE COURT:

Lawrence L. Piersol
United States District Judge