UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STEWART HINES,<br><br>                              Plaintiff,<br><br>          vs.<br><br>JODY JOHNSON, YANKTON COUNTY CLERK OF COURTS, in her individual and official capacity, and JANE OR JOHN DOE, in their individual and official capacities<br><br>                              Defendants. | 4:19-CV-04108-LLP<br><br><br>ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS |

Plaintiff, Nicholas Stewart Hines, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Hines's Amended Complaint. Doc. 32. This Court denied Hines's motion for reconsideration and analyzed his motion under Federal Rules of Civil Procedure 59(e) and 60(b). Doc. 43. Pending before this Court are Hines's motions for: (1) court's ruling and supplemental pleadings; (2) appointment of counsel; (3) intervention emergency preliminary injunction; and (4) an expert. Docs. 44, 46, 52, 56.

**I.    Motion for Court's Ruling and Supplemental Pleadings**

First, Hines asks that this Court rule on his motion for reconsideration, Doc 34. Doc. 44 at 1. This Court has already denied his motion for reconsideration. Doc. 43. Thus, this Court denies this portion of his motion as moot. Second, Hines seeks to supplement his pleadings. Doc. 44. A court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). " 'A supplemental pleading,[] is designed to cover matters subsequently occurring but

pertaining to the original cause.' " *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977)

(quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101 (W.D. Mo. 1939)).

> The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed. Leave to file a supplemental complaint under Rule 15(d) rests with the court's discretion and should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any parties. The court applies Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action-the standard applicable to motions to amend under  [Rule] 15(d) is essentially the same standard that applies to [Rule] 15(a).

*Smith v. Brown*, 2018 WL 1440328, at *17 (D.S.D. Mar.22, 2018) (quoting *Carl Zeiss Meditec,*

*Inc. v. Xoft, Inc.*, 2011 WL 1326053 at *1 (D.Del. Apr.5, 2011) (punctuation altered, internal

citations omitted). "In exercising its discretion, the court should also consider whether

" 'the proposed pleading is futile in that it adds nothing of substance to the original allegations or

is not germane to the original cause of action.' " *Smith*, 2018 WL 1440328, at *17

(quoting *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) (citations omitted)).  A pleading is

futile when it does not withstand a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *Moody v. Vozel*, 771 F.3d 1093, 1095 (8th Cir. 2014) (internal quotation omitted).

Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

   The Court will first address the claims Hines desires to supplement against the South

Dakota Department of Corrections Defendants (DOC Defendants). This Court dismissed all

claims against DOC Defendants in its screening order. Doc. 32. Thus, DOC Defendants are no

longer named defendants in this action. In his motion to supplement, Hines claims that the DOC

Defendants seized $960 of his stimulus payment without notice and without authority. Doc. 44 at

5. DOC Defendants allegedly added the line "[t]ax returns and stimulus payments are not exempt

2

from garnishment and will be processed as a normal incoming mail deposit" in October 2020 to their prison policies. Doc. 44-1 at 29. Hines argues that these actions amount to a due process violation under the Fourteenth Amendment and an Eighth Amendment violation Doc. 44 at 5-6.

Specifically, Hines claims that the DOC Defendants violated the Excessive Fines Clause under the Eighth Amendment when they allegedly seized his stimulus money. *Id.* "The Excessive Fines Clause thus 'limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense.' " *United States v. Bajakajian*, 524 U.S. 321, 326 (1998) (quoting *Austin* v. *United States,* 509 U.S. 602, 609-610, (1993) (emphasis deleted) Hines's claim that DOC Defendants seized his stimulus payment does not reasonably fall under the Eighth Amendment Excessive Fines Clause. The DOC Defendants' alleged seizure of his stimulus payment was related to a lien regarding his confinement fee in Yankton County and not as a punishment for his underlying conviction.  Thus, his Excessive Fines claim against DOC Defendants is futile.

Further, his claim that DOC Defendants seized the money without due process or authority is futile. If there is an adequate postdeprivation remedy, then there is no due process violation for even the intentional deprivation of a prisoner's property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because state law provided the prisoner in *Hudson* with adequate state remedies after the deprivation of his property, the Court held that no due process violation occurred in that case. *Id.* at 535. Here, SDCL  § 21-3-3 provides an adequate postdeprivation remedy. This statute provides a cause of action for wrongful conversion of personal property. *See* SDCL § 21-3-3. Section 21-3-3 provides a description of the damages available for conversion, but the tort of conversion is a common law tort not defined in the statute. *Rensch v. Riddle's Diamonds of Rapid City, Inc.*, 393 N.W.2d 269, 271 (S.D. 1986). "Conversion is the

unauthorized exercise of control or dominion over personal property in a way that repudiates an owner's right in the property or in a manner inconsistent with such right." *Chem-Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 766 (S.D. 2002). The common law and SDCL § 21-3-3 provide Hines with an adequate postdeprivation remedy for the conversion of his property. Thus, there is no procedural due process violation. *Hudson*, 468 U.S. at 535. Hines's dues process claim is futile.

Hines alleges that the DOC's new policy about tax returns violates the Supremacy Clause. Doc. 44 at 5. The Supremacy Clause of the United States Constitution preempts state law and state constitutional law that conflicts with federal law. U.S. Const. art. VI, cl. 2. State law is " 'pre-empted to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law, or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress.' " *S.D. Min. Ass'n, Inc. v. Lawrence Cty.*, 155 F.3d 1005, 1009 (8th Cir. 1998) (quoting *Cal. Coastal Comm'n v. Granite Rock Co.*, 480 U.S. 572, 581 (1987)). Hines claims that the prison policy violates the Supremacy Clause. Prison policy is not state law. Thus, Hines's Supremacy Clause claim is futile.

DOC Defendants are allegedly violating their ow prison policy. Doc. 44 at 3-4. "[A] violation of prison policy alone does not give rise to section 1983 liability[.]" *Moore v. Rowley*, 126 Fed. Appx. 759 (8th Cir. 2005) (citing *see Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Hines's allegations that the DOC Defendants are violating their own policy are futile.

Finally, this Court will address Hines's supplemental claims against the Yankton County Defendants. He claims that the DOC Defendants sent the Yankton County Defendants his seized stimulus money. Doc. 44 at 5, 7. He asserts that on June 7, 2012, a lien was filed against him for $4,090.00 for a confinement fee. *Id.* at 7. On January 25, 2021, Hines sent a letter to Yankton

4

County Defendants and stated that he had no notice that he owed a confinement fee and that the lien is in violation of his due process rights under the Fourteenth Amendment. *Id.* at 8. He also asserts that this is a violation of his Eighth Amendment Excessive Fine clause. *Id.* As stated above, Hines has an adequate postdeprivation remedy making his due process claim against Yankton County Defendants is futile.

Further, the confinement fee is not considered a fine for purposes of the Eighth Amendment. The United States Supreme Court has "explained that at the time the Constitution was adopted, 'the word fine was understood to mean a payment to a sovereign as punishment for some offense.' " *Bajakajian*, 524 U.S. at 326 (1998) (quoting *Browning-Ferris Industries of Vt., Inc.* v. *Kelco Disposal, Inc.,* 492 U.S. 257, 265 (1989). *"*The Excessive Fines Clause thus 'limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense.' " *Bajakijian*, 524 U.S. at 326 (quoting *Austin,* 509 U.S. at 609-610 (emphasis deleted) (stating that a forfeiture are considered fines when they constitute as a punishment for the offense.). Here, the confinement fee was assessed due to Hines's stay in the Yankton County jail. The confinement fee is not a punishment for his state conviction, but rather, a fee he owes for his pre-trial confinement. Because the confinement fee is not a punishment for his criminal conviction Hines's claims do not raise a plausible Eighth Amendment violation. Thus, Hines's Excessive Fine claim against Yankton County Defendants is futile. Because Hines's supplemental claims are futile, this Court denies his motion to supplement.

## II.   Motion for Appointment of Counsel

Hines filed a third motion for the appointment of counsel. Doc. 46. He asserts that his allegations are true, that he has multiple transfers coming up and is concerned that his legal mail could become lost. *Id.* at 2. "A pro se litigant has no statutory or constitutional right to have

counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. In *King v. Patterson*, the Eighth Circuit held that the district court did not err in denying a prisoner's motion for appointment of counsel. 999 F.2d 351, 353 (8th Cir. 1993). In *King*, the plaintiff alleged one incident of excessive force by prisoner personal. *Id.* The Eighth Circuit reasoned that the denial of the plaintiff's motion for appointment of counsel was appropriate "[b]ecause this case was neither factually nor legally, complex, the complaint alleged a single incident of excessive force, and the Court held that King had clearly communicated his concerns and could adequately present the facts of his case to the Court." *Id.*

Factual complexity is not the only factor that a district court considers whether appointment of counsel is appropriate. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (citing *Maclin v. Freake* , 650 F.2d 885, 888 (7th Cir. 1981)). The Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson*, 788 F.2d at 1322-23.). In *Johnson*, the Eighth Circuit held that the district court erred when they denied plaintiff's motion for counsel solely based on the plaintiff's failure to raise factually complex issues. *Johnson*, 788 F.2d at 1322.

This Court has already denied Hines's previous motions for appointment of counsel. Docs. 19, 32. Since this Court's previous denials, Hines's claims have not become more legally or factually complex. He can clearly and adequately present his facts and claims to this Court. The Court remains open to the possibility of appointing counsel if this case proceeds beyond the motion stage. It is one thing to well represent one's position on paper to the court, and it is yet

another to be able to adequately try a case to a jury. Hines's motion for the appointment of

counsel, Doc. 46, is denied.

### III.     Motion for Emergency Preliminary Injunction

Hines moves for a preliminary injunction against Defendant Jody Johnson. Doc. 52. He

claims that it is possible for Johnson to manipulate and conceal documents that are necessary to

his prior and current legal claims. *Id.* at 2. He argues that this possibility puts Johnson an

advantage and it is possible for her to continue alleged unethical actions to benefit her defense. *Id.*

"Plaintiff is in a position to be harmed legally." *Id.* at 3 (internal quotation omitted).

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All–American

Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v.

Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011). "The burden of proving that a preliminary

injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520

(8th Cir. 1995). "Whether a preliminary injunction should issue involves consideration of (1) the

threat of irreparable harm to the movant; (2) the state of the balance between this harm and the

injury that granting the injunction will inflict on other parties litigant; (3) the probability that

movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys.,

Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that " 'the failure to

show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary

injunction.' " *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996)

(quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). "To demonstrate

irreparable harm, a plaintiff must show that the harm is 'certain, great and of such imminence

that there is a clear and present need for equitable relief.' " *Gard v. Dooley*, 2014 WL 4243586,

at *1 (D.S.D. Aug. 26, 2014) (quoting *Packard Elevator v. Interstate Commerce Comm'n*, 782

F.2d 112, 115 (8th Cir. 1986)). A " 'plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement.' " *Gard*, 2014 4243586, at *1; (quoting *Travelers Express Co. v. Transaction Tracking Technologies, Inc.*, 305 F. Supp.2d 1090, 1095 (D. Minn. 2003)).

Here, Hines only alleges that it is *possible* for Johnson to hide documents and that her position puts her at an advantage to do so. Doc. 52 at 2-3. He asserts that he is "in a position to be harmed legally." *Id.* at 3. Being in a position to be legally harmed is not the same thing as making an actual showing of substantial harm. Possible or speculative harm is not enough to support a preliminary injunction and because Hines has failed to show irreparable harm, his motion for a preliminary injunction is denied. *See Adam–Mellang,* 96 F.3d at 299.

## IV.  Motion for Expert

Hines moves for an expert under Federal Rules of Evidence Rule 706(a). Doc. 56. The expert would speak to the validity of the entries in the Unified Judicial System. *Id.* Although this Court granted Hines leave to proceed in forma pauperis under 28 U.S.C. § 1915, Doc. 9, this " 'does not provide for the appointment of expert witnesses to aid an indigent litigant.' " *Dale v. Dooley*, 2015 WL 224969, at *4 (D.S.D. Jan. 15, 2015) (quoting *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). "A court may appoint an expert for indigent prisoners under Federal Rules of Evidence Rule 706(a), but this purpose it to 'assist the trier of fact from a position of neutrality not to serve as an advocate.' " *Johnson v. Kaemingk*, 2020 WL 376589, at *1 (D.S.D. Jan. 23, 2020) (quoting *Dale*, 2015 WL 224969, at *4) (internal quotation omitted).

At this time, there is no need for an expert to assist a trier of fact as this case is still in the motions stage. Further, after review of the motion, the questions Hines proposes to have the expert

answer are positioned to serve Hines as an advocate. Finally, Hines might need a factual witness for his claims, but no need for an expert witness has been shown.

Accordingly, it is ORDERED:

1. That Hines's motion for court's ruling and for supplemental pleadings, Doc. 44, is denied.

2. That Hines's motion for the appointment of counsel, Doc. 46, is denied.

3. That Hines's motion for intervention emergency preliminary injunction, Doc. 52, is denied.

4. That Hines's motion for expert, Doc. 56, is denied.

Dated this 3rd day of May, 2021.

BY THE COURT:

ATTEST:
MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge

9