UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS STEWART HINES,<br><br>Plaintiff,<br><br>vs.<br><br>JODY JOHNSON, YANKTON COUNTY CLERK OF COURTS, in her individual capacity, AND JANE OR JOHN DOE(S), in their individual capacities,<br><br>Defendants. | 4:19-CV-04108-LLP<br><br>SUA SPONTE ORDER ALLOWING PLAINTIFF TO PROCEED IN FORMA PAUPERIS ON APPEAL |

    Plaintiff, Nicholas Stewart Hines, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted defendant Jody Johnson's motion for summary judgment, and judgment was entered in her favor. Docs. 103, 104. Hines filed a notice of appeal. Doc. 106. At this time, Hines has not moved for leave to proceed in forma pauperis on appeal and has not provided the Court with an updated prisoner trust account report.

    Under the Prison Litigation Reform Act (PLRA) a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (omission in original) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing

fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)). Because Hines is a prisoner under the PLRA, this Court is required to sua sponte assess whether he should be granted leave to proceed in forma pauperis on appeal or whether the full/partial filing fee is warranted before he continues.

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Hines's appeal is taken in good faith. His most recent prisoner trust account report shows an average monthly deposit of $163.33 and an average monthly balance of $62.29. Doc. 75 at 1. His current balance is $28.57. This Court grants Hines leave to proceed in forma pauperis and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance.

Accordingly, it is ORDERED:

1. That this Court sua sponte grants Hines leave to proceed in forma pauperis on appeal.

2. That the institution having custody of Hines is directed that whenever the amount in Hines's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated this 25th day of April, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

3